IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN V. OCHELLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 1:22-cv-413-TFM-N |
| | ) |
| STATE FARM FIRE & CASUALTY CO., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the *Motion to Alter, Amend or Vacate Order Dated March 20, 2025, Pursuant to F.R.C.P. Rule 59* (Doc. 95, filed April 17, 2025) in which Plaintiff John V. Ochello moves the Court to alter, amend, and/or vacate its March 20, 2025 Memorandum Opinion and Order in which the Court granted Defendant State Farm Fire & Casualty Co.'s motion for summary judgment as to Plaintiff's claims of breach of contract and bad faith. Having considered the motion, response, and relevant law, the Court finds the motion is due to be **DENIED**.

Also, pending before the Court is *State Farm's Motion to Retax Costs* (Doc. 93, filed April 17, 2025) in which Defendant State Farm Fire & Casualty Co. moves the Court, pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(1), and S.D. Ala. CivLR 54.1 and Standing Order No. 13, tax and retax against Plaintiff John V. Ochello costs in the amount of $2,323.40. Having considered the motion, response, reply, and relevant law, the Court finds the motion is due to be **GRANTED in part, DENIED in part, and MOOT in part**.

**I.   JURISDICTION AND VENUE**

The Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship). The Court has personal jurisdiction over the claims in

this action because the events that gave rise to this action occurred within this district. *See Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291-92 (11th Cir. 2000) ("Specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint. . . . General personal jurisdiction, on the other hand, arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated. The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state."). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events that gave rise to the claims in this matter occurred in this judicial district.

No party disputes or debates the Court's jurisdiction or venue, and the Court finds adequate support for both.

## II.     BACKGROUND

The factual and procedural background of this matter was most recently detailed in the Court's March 20, 2025 Memorandum Opinion and Order. Doc. 89. The Court will update the procedural background to reflect what has occurred in this matter since then.

On March 20, 2025, the Court entered a Memorandum Opinion and Order in which it detailed its reasoning for its March 11, 2025 Order that granted Defendant State Farm Fire & Casualty Co.'s ("State Farm" or "Defendant") motions for summary judgment (Docs. 69, 73) and dismissed with prejudice Plaintiff John V. Ochello's state-law claims of breach of contract and bad faith failure to pay and investigate. *Id.* On the same date, the Court entered a judgment, pursuant to Fed. R. Civ. P. 58, in accordance with its March 11, 2025 Order. Doc. 90.

On March 28, 2025, Defendant filed its bill of costs, which included costs for fees of the

Clerk and fees for printed or electronically recorded transcripts necessarily obtained for use in the case that are authorized to be taxed as costs, pursuant to 28 U.S.C. § 1920. Doc. 91. The Clerk of Court ("the Clerk") taxed costs against Plaintiff in the amount of $402.00, the filing fee that Defendant paid to the Clerk to remove this matter. Doc. 92; *see* Doc. 91. The Clerk did not tax costs against Plaintiff for the remaining amount requested for certain deposition transcript fees that were incurred: (1) $1,921.40 for the transcript of State Farm Team Manager B.J. Sumner's deposition; (2) $736.75 for the transcript of Plaintiff's first deposition; and (3) $889.85 for the transcript of Plaintiff's second deposition. *See* Docs. 91, 92.

On April 17, 2025, Defendant filed the instant motion to retax costs in which it requests the same costs that it requested in its bill of costs, including the filing fee that Defendant paid to the Clerk to remove this matter that the Clerk taxed as costs against Plaintiff. *Compare* Doc. 91 *with* Doc. 93; *see* Doc. 92. The Court ordered Plaintiff to file any response to the motion by May 1, 2025, and Plaintiff filed a motion to disallow/strike in lieu of a mere response. Doc. 99. In Plaintiff's motion to disallow/strike, Plaintiff moves the Court enter an order that either disallows or dismisses the motion to retax costs, which the Court construes as his response to the motion to retax costs. Defendant filed a response to the motion to disallow/strike. Doc. 100.

Also on April 17, 2025, Plaintiff filed the instant motion to alter, amend, or vacate in which he requests, pursuant to Fed. R. Civ. P. 59, the Court reinstate this matter and allow his breach of contract and outrage claims to proceed. Doc. 95. The Court ordered Defendant to file any response to the motion by May 2, 2025 (Doc. 96), and Defendant timely filed its response in opposition (Doc. 97).

The Court finds oral argument is unnecessary for the pending motions-(1) the motion to retax costs and (2) the motion to alter, amend, or vacate-and therefore, they are ripe for review.

### III.  DISCUSSION AND ANALYSIS

The Court will, first, address the motion to alter, amend, or vacate, then the motion to retax costs.

**A.  Motion to Alter, Amend, or Vacate**

Plaintiff argues his testimony, as a lay witness, of what he observed of his home before and after Hurricane Sally is admissible to prove the foundation damage to the home was not caused by subsidence.  Doc. 95.

In response, Defendant argues Plaintiff failed to submit expert testimony that supported his assertion that the foundation damage to the home was caused by wind and not by subsidence, which was the opinion of Defendant's expert, and fails to support his argument that lay witness testimony was sufficient to prove causation.  Doc. 97 at 2-3.  Defendant argues, even if lay witness testimony could be used to prove causation in this matter, Plaintiff failed to submit either lay or expert testimony that supported his foundation damage assertion.  *Id.* at 3.  Finally, Defendant argues Plaintiff also failed to submit admissible evidence of the scope or costs of repair for the foundation damage to the home, and therefore, could not prove a necessary element of his breach-of-contract claim-damages.  *Id.* at 3-4.

"The only grounds for granting [a Fed. R. Civ. P. 59] motion are newly-discovered evidence or manifest errors of law or fact."  *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (per curiam) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam), *cert. denied*, 552 U.S. 1040, 128 S. Ct. 660, 169 L. Ed. 2d 511 (2007)).  "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).

Ultimately, a review of Plaintiff's motion for reconsideration shows Plaintiff presents the same arguments as those that he raised in his response to the underlying motion for summary judgment. Again, Plaintiff does not cite to relevant law to support his assertion that lay witness testimony is sufficient to prove the cause of the foundation damage in this matter. Further, Plaintiff does not distinguish the case that the Court cited in its Memorandum Opinion and Order to support its conclusion that expert testimony was necessary to prove causation, *Nix v. State Farm Fire & Casualty Co.*, 444 App'x 388 (11th Cir. 2011), in which the testimony of the proffered lay witnesses was found to be inadmissible because neither witnessed the damage nor had personal knowledge about the construction of the damaged area. Finally, Plaintiff does not explain how a jury could determine unpaid damages to support his claims when he did not timely submit evidence of such. *See Jerkins v. Lincoln Elec. Co.*, 103 So. 3d 1, 10 (Ala. 2011) ("The award of damages cannot be made upon speculation, and the plaintiff has the burden of offering evidence tending to show, to the required degree, the amount of damages allegedly suffered." (quoting *Johnson v. Harrison*, 404 SO. 2d 337, 340 (Ala. 1981)).

Plaintiff has neither provided newly-discovered evidence nor presented a manifest error of law or fact that would entitle him to relief pursuant to Fed. R. Civ. P. 59, and therefore, the motion to alter, amend, or vacate is due to be **DENIED**.

**B.   Motion to Retax Costs**

Fed. R. Civ. P. 54(d)(1) states "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1); *see also Fireman's Fund Ins. Co. v. Tropical Shipping & Constr. Co.*, 254 F.3d 987, 1013 (11th Cir. 2001) (citing *EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)) ("[A] prevailing party is entitled to an award of costs."). However, "[f]ee applicants bear

the burden of providing sufficient detail in their records to explain and support their requests for fees and costs." *Lee v. Krystal Co.*, 918 F. Supp. 2d 1261, 1275 (S.D. Ala. 2013) (quoting *Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 645 (D. Md. 2012)). "There is no question that a party in whose favor the district court granted summary judgment is a prevailing party for purposes of [Fed. R. Civ. P] 54(d)(1)." *Henderson v. Franklin*, 782 F. App'x 866, 874 (11th Cir. 2019) (internal quotations and modifications omitted) (quoting *Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995)).[1]

The costs that a prevailing litigant is entitled to under Fed. R. Civ. P. 54(d) are enumerated in 28 U.S.C. §§ 1821 and 1920. The sections that are at issue in this matter include those enumerated in 28 U.S.C. § 1920 (1) and (2).

Section 1920 states "a judge or clerk of any court of the United States may tax as costs the following: . . . (1) Fees of the clerk and marshal [and] (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920 (1) and (2).

As an initial matter, Defendant claims costs for fees of the Clerk in the amount of $402.00, which was the filing fee paid to the Clerk to remove this matter. Doc. 93 at 4, 6. The Clerk already taxed this amount against Plaintiff after Defendant filed its original bill of costs, and Defendant does not challenge the action of the Clerk or explain why the Court should reconsider such. Docs. 91, 92. Therefore, Defendant's instant request to tax against Plaintiff the amount of its filing fee to remove this matter, $402.00, is **MOOT**.

Defendant also claims costs for printed or electronically recorded transcripts necessarily

---

[1] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

obtained for use in the case in the amount of $1,921.40, which includes the deposition transcripts of B.J. Sumner ("Sumner"), a State Farm Team Manager ($294.80), and Plaintiff ($1,626.60). Doc. 93 at 4, 6-7, 9-11.

> "[W]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Goodwall Const. Co. v. Beers Const. Co.,* 824 F. Supp. 1044, 1066 (N.D. Ga.1992), *aff'd,* 991 F.2d 751 (Fed. Cir. 1993). The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially "'necessarily obtained for use in the case.'" *Newman v. A.E. Staley Mfg. Co.,* 648 F.2d 330, 337 (5th Cir. Unit B 1981) (quoting § 1920(2)).

*U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000).

Defendant argues the deposition transcript for Sumner, a Fed. R. Civ. P. 30(b)(6) representative for State Farm, "affirmed multiple aspects of [the] State Farm Claim File" and the testimony was necessary for Defendant to prepare for its motion for summary judgment and to anticipate Plaintiff's arguments in regard to his bad-faith claim. Doc. 93 at 2. Defendant argues both the deposition transcript for Sumner and Plaintiff were obtained for use in, and were reasonably necessary to defend, this matter. *Id.*

In response, Plaintiff argues Defendant's motion to retax costs is untimely, pursuant to Fed. R. Civ. P. 54(d)(1), and is not supported or accompanied by a verified affidavit as required by 28 U.S.C. § 1924. Doc. 99 at 1-2.

As to timeliness, Fed. R. Civ. P. 54(d)(1) states "The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1) is not explicit as to the time for the Court to consider a prevailing party's bill of costs. However, the Local Rules states "[n]o later than fourteen (14) days after entry of judgment, a party seeking costs must file a verified bill of costs, using forms available from the Clerk" and "[a] party may move for review of the Clerk's decision taxing costs pursuant to Fed. R. Civ. P. 54(d) no later

than seven (7) days after taxation." S.D. A<small>LA</small>. C<small>IV</small>LR 54(a)(1) and (b). Here, Defendant timely filed its bill of costs on March 28, 2025, eight (8) days after judgment pursuant to Fed. R. Civ. P. 58 was entered in this matter. *See* Docs. 90, 91. The Clerk taxed costs against Plaintiff in the amount of $402.00, the amount of the filing fee to remove this matter that Defendant claimed, and two (2) days later, Defendants timely filed its motion to retax costs, which included the same claimed costs as the original bill of costs. *Compare* Doc. 91 *with* Doc. 93. The Court considers the motion to retax costs a motion to review the Clerk's decision, which is timely.

As to whether Defendant appropriately supported its request for costs with an affidavit, 28 U.S.C. § 1924 requires:

> Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

Defendant's bill of costs was filed on the Court's form and includes the following declaration: "I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." Doc. 93 at 4. Defendant's counsel signed the declaration. *Id.* The declaration substantially complies with 28 U.S.C. § 1746, which reads:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public, such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> . . .

> (2) If executed within the United States, its territories, possessions, or commonwealths:  "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on (date).
> (Signature)".

28 U.S.C. § 1746.

Since the motion to retax costs is timely and conforms with the requirements of 28 U.S.C. § 1924, the Court will consider the costs that Defendant requests.

As to the cost for Sumner's deposition transcript, the deposition was neither cited nor referenced in either of Defendant's motions for summary judgment, but his affidavit was.  *See* Docs. 70-1, 70-4.  Defendant even states Sumner's deposition was used only to prepare for the motions for summary judgment, and deposition costs incurred "to aid in thorough preparation" are not recoverable.  *W&O, Inc.*, 213 F.3d at 620 (quoting *Goodwall Cost. Co.*, 824 F. Supp. at 1066).  Therefore, the request to tax the cost for Sumner's deposition transcript is **DENIED**

As to the cost for Plaintiff's deposition transcripts, those deposition were cited and referenced in Defendant's motions for summary judgment and, therefore, were necessarily obtained for use in the case and the costs for which are recoverable.  Therefore, the request to tax the cost for Plaintiff's deposition transcripts is **GRANTED**.

## IV.    CONCLUSION

Based on the foregoing analysis, the motion to alter, amend, or vacate (Doc. 95) is **DENIED**, and the motion to retax costs (Doc. 93) **GRANTED in part, DENIED in part, and MOOT in part**.  The motion to retax costs is **GRANTED** as to Defendant's request to tax the cost for Plaintiff's deposition transcript, **MOOT** as to its request to retax the cost to remove this matter, and **DENIED** as to its request to tax the cost for B.J. Sumner's deposition transcript.  Costs are taxed against Plaintiff John V. Ochello, and awarded in favor of Defendant State Farm Fire &

Casualty Co. in the amount of **$2,028.60**, which is comprised of (1) **$402.00**, the fee that Defendant State Farm Fire & Casualty Co. paid to the Clerk of Court to remove this matter and was previously taxed as costs by the Clerk of Court; (2) **$736.75**, the cost for Plaintiff John V. Ochello's initial deposition transcript; and (3) **$889.85**, the cost for Plaintiff John V. Ochello's reconvened deposition transcript.

**DONE** and **ORDERED** this 15th day of May 2025.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE